# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**SAMUEL BARRETT (# 122612)**     **PLAINTIFF**

v.     No. 4:07CV14-P-A

**WASHINGTON COUNTY, MS, ET AL.**     **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Samuel Barrett, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerate when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

While the plaintiff was in pretrial detention on a burglary charge, defendants Chief Taylor, Assistant Chief Span, and two other law enforcement agents searched the mobile home of the plaintiff's mother, including the plaintiff's bedroom. The defendants concluded the search, seizing various items for use as evidence. The plaintiff's mother called him and told him about the search, and the plaintiff relayed the information to his criminal defense attorney, Charles McPherson. McPherson then asked Chief Taylor to produce the warrant used to gain entry to the plaintiff's home, and Taylor conceded that no such warrant had issued. After hearing on a defense motion to suppress the seized items, the items were found to be inadmissible at trial and were not used against the plaintiff.

### Physical Injury Required to Recover Compensatory Damages

The plaintiff's case must be dismissed because he has suffered no physical injury. A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis*

physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In this case, the plaintiff has alleged no physical injury, and, indeed, could not reasonably do so given the nature of this claim. Therefore, monetary damages are not available to him. Further, as he has not requested injunctive relief, no relief is available to him, and the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 9th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE